IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN TORTENSON,

    Plaintiff,                                        Case No. 2:19-cv-159

v.

MONARCH RECOVERY MANAGEMENT, INC.

    Defendants.
_____/

## COMPLAINT

The Plaintiff, John Tortenson ("Plaintiff"), hereby sues the Defendant, Monarch Recovery Management, Inc. ("Defendant" or "Monarch Recovery"), and alleges:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is an individual and a resident of Menomonee Falls, Wisconsin.

2. Defendant is a foreign corporation with its principal place of business in Bensalem, Pennsylvania.

3. This is an action brought pursuant to 15 U.S.C. 1692k. Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

5. All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## *Common Facts*

6. Defendant was engaged as a debt collector to collect a debt from the Plaintiff that was incurred for personal and household purposes.

7. Defendant has called Plaintiff multiple times in an attempt to collect this debt.

8. Monarch Recovery has called Mr. Tortenson twice a day every single day for more than one month. Monarch Recovery made these calls to Mr. Tortenson despite him repeatedly demanding that Monarch Recovery stop calling him. When Mr. Tortenson demanded that Monarch Recovery stop calling him, Monarch Recovery's representative responded that they would not stop calling and that Monarch Recovery had the right to call Mr. Tortenson as often as they wanted. This conduct constituted a violation of 15 U.S.C. § 1692d, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. This conduct also constituted a violation of 15 U.S.C. § 1692e, which prohibits a debt collector from making any false, deceptive, or misleading representation in connection with the collection of any debt.

9. During phone calls with Mr. Tortenson, Monarch Recovery's representatives refused to identify the debt about which they were calling. This conduct constituted a violation of 15 U.S.C. § 1692f, which prohibits a debt collector from utilizing unfair or unconscionable means to collect or attempt to collect any debt.

10. On Saturday, December 22, 2018, Monarch Recovery called Mr. Tortenson. During the call, Mr. Tortenson informed Monarch Recovery that he was represented by an attorney and attempted to provide his attorney's name and contact information. Monarch Recovery refused to listen to his attorney's contact information and hung up the call. Monarch Recovery subsequently called Mr. Tortenson numerous times over the next month. Each of these

calls constituted a violation of 15 U.S.C. § 1692c(3), which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney and can readily ascertain the attorney's name and address.

11. Defendant made the above-described phone calls to Plaintiff in the Eastern District of Wisconsin, and Plaintiff received the calls in the Eastern District of Wisconsin.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

12. Plaintiff incorporates and realleges paragraphs 1 through 11 as if stated fully herein.

13. The conduct of Defendant constituted violations of 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

14. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered actual damages, including mental anguish, embarrassment, loss of time, and financial harm.

WHEREFORE, the Plaintiff, John Tortenson, hereby demands judgment against the Defendant, Monarch Recovery Management, Inc., for actual damages, statutory damages in the amount of $1,000.00, court costs, reasonable attorney's fees, injunctive relief, and any other further relief this Court deems just and proper.

*__Demand for Attorney's Fees & Costs__*

Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff John Tortenson hereby demands an award of the attorney's fees and costs incurred in this matter.

*__Demand for Jury Trial__*

Plaintiff John Tortenson hereby demands a jury trial on all claims asserted in this Complaint and otherwise later asserted in this lawsuit.

3

Case 2:19-cv-00159-LA   Filed 01/30/19   Page 3 of 4   Document 1

DATED: January 30, 2019.	Respectfully submitted,

*/s/ Joshua A. Mize*
**Joshua A. Mize, Esq.**
Florida Bar No. 86163
**MIZE LAW, PLLC**
110 Front Street, Suite 300
Jupiter, FL 33477
Phone: (407) 913-6800
Fax: (407) 604-7410
Email: jmize@mize.law

*Attorney for the Plaintiff,*
*John Tortenson*